IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | Criminal Number: 7:04-CR-00011-O |
| | § | |
| WILLIAM HUNTER (03) | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned submits this Findings, Conclusions, and Recommendation to U.S. District Judge Reed O'Connor pursuant to 28 U.S.C. § 636(b) and the Order of Reference dated December 13, 2017. ECF No. 177. The Court conducted a hearing on December 13, 2017, and heard arguments from all of the parties and evidence with regard to the Petition for Offender Under Supervision filed against **WILLIAM HUNTER** ("Defendant").

## I. PROCEDURAL BACKGROUND

### A. Original Conviction

On May 25, 2005, Senior U.S. District Judge Jerry Buchmeyer sentenced Defendant to 135 months imprisonment, followed by a term of five years of supervised release, after Defendant's plea of guilty to Count 1 of the indictment charging him with Conspiracy to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846 (21 USC § 841(a)(1) & (b)(1)(A)). ECF No. 116.

Supervision of Defendant commenced on October 24, 2014. ECF No. 156. On April 13, 2016, the United States Probation and Pretrial Services Office (USPSO) prepared a Report on Offender Under Supervision – No Court Action Recommended, which informed the Court of Defendant's arrest for Driving While Intoxicated. ECF No. 155. USPSO did not recommend

further action, and Judge O'Connor agreed with the recommendation of the probation officer on April 19, 2016. *Id.*

B.     **Current Revocation Proceedings**

1.     **Procedural History**

On June 8, 2017, USPSO prepared the Petition for Offender Under Supervision that is at issue in this case. ECF No. 156. The Petition requested that Judge O'Connor issue a violator's warrant for Defendant's arrest after he violated the conditions of supervised release discussed below. *Id.* Judge O'Connor ordered the issuance of a warrant on June 7, 2017. *Id.*

Defendant appeared before the undersigned on June 29, 2017, for an initial appearance. ECF No. 160. At that hearing, the undersigned found that probable cause existed to show that Defendant had violated the conditions of his supervised release as alleged, but that Defendant was not a risk of flight nor a danger to any other person or to the community. ECF No. 161. The undersigned ordered that Defendant be released on the same conditions of release previously set, with the additional condition that he report to the Serenity House Drug and Alcohol Treatment and Prevention program in Abilene, Texas, pending the final revocation hearing that was then set for September 18, 2017, before Judge O'Connor. *Id.* The final revocation hearing was later reset to October 23, 2017. ECF No. 164.

On September 18, 2017, USPSO prepared a Petition for Action on Conditions of Pretrial Release, requesting that the undersigned issue a violator's warrant for Defendant's arrest after he violated the conditions of release that were set at the hearing on June 29, 2017. ECF No. 165. The Petition alleged that Defendant violated the terms of his pretrial release by driving while intoxicated on September 15, 2017, in Archer City, Texas, and by being arrested for that offense. *Id.* The undersigned ordered the issuance of a warrant on September 18, 2017. *Id.*

Thereafter, Defendant voluntarily surrendered to the United States Marshals Service in Lubbock, Texas. A Motion to Revoke Supervised Release (ECF No. 168) having been filed, Defendant appeared before United States Magistrate Judge D. Gordon Bryant in the Lubbock Division on September 22, 2017. ECF No. 169. Judge Bryant ordered that Defendant be transferred to the Wichita Falls Division to appear before the undersigned. ECF No. 170. Defendant appeared before the undersigned on October 10, 2017, at which time Defendant knowingly and voluntarily waived his right to challenge the Petition for Action. ECF No. 172. The undersigned therefore found that probable cause existed to believe that Defendant had violated the terms of his pretrial release and that Defendant presented a flight risk and a danger to the community or another person unless detained. *Id.* The final revocation hearing was reset two additional times, first until December 11, 2017, and finally until December 13, 2017. ECF Nos. 173 and 176.

2. **Violation Allegations**

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release. The Petition for Offender Under Supervision dated June 8, 2017 described the alleged violations as follows:

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Violation of Special Condition No. 2**

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

**Nature of Noncompliance**

William Hunter violated these conditions of supervised release by using and possessing alcohol, an intoxicant, in or about August 2016. On August 30, 2016, Mr. Hunter submitted a urine specimen to U.S. Probation Officer (USPO) James Williams at 1000 Lamar, Wichita Falls, Texas, that tested positive for alcohol. Furthermore, the urine specimen was confirmed positive for ethanol on September 16, 2016, by Alere Laboratories. On September 15, 2016, Mr. Hunter admitted to USPO Williams he consumed alcohol on August 29, 2016.

Mr. Hunter violated these conditions of supervised release by possessing and using alcohol. On October 4, 2016, Mr. Hunter admitted to USPO Williams he consumed Saki, an alcoholic beverage, at Wasabi Restaurant in Wichita Falls, Texas, on October 23, 2016.

Mr. Hunter violated these conditions of supervised release by possessing and using alcohol. On May 21, 2017, contact was made with Mr. Hunter during a routine traffic stop. State Trooper Justin Kaiser noted Mr. Hunter was a passenger of the vehicle and was extremely intoxicated. Trooper Kaiser also noted the driver was arrested for Driving While Intoxicated. Mr. Hunter was released to a sober third party who could supervise him in the highly intoxicated state. On May 23, 2017, Mr. Hunter admitted to USPO Williams he and his girlfriend were consuming alcohol at a friend's house that night and he had consumed about 12 beers. Mr. Hunter noted his girlfriend was the one who was driving them home when they were stopped by police.

Mr. Hunter violated these conditions of supervised release by failing to report for random urine testing on August 29, 2016. Furthermore, Mr. Hunter violated these conditions of supervised release by submitting a diluted urine specimen on September 26, 2016.

**Violation of Special Condition No. 11**

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**

Mr. Hunter violated this condition of supervised release by failing to notify his probation officer of law enforcement contact on March 13, 2017. Mr. Hunter was pulled over for a faulty tail light and was given a warning.

3. **Revocation Hearing**

A Final Revocation Hearing was held on December 13, 2017, before the undersigned. Defendant appeared in person and with his court-appointed counsel, Dustin Nimz. The United States appeared through Assistant United States Attorney Kate Rumsey. The proceedings were electronically recorded.

4

Upon call of the matter, Defendant was placed under oath. The undersigned directed Defendant to the allegations contained in the Petition for Offender Under Supervision and read the allegations of violation to Defendant, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically the Standard Condition that Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; the Special Condition that Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse, that Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment, and Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month; and the Special Condition that Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Defendant consented orally and in writing to allocution before the magistrate judge. ECF No. 178.

Defendant's counsel stated that Defendant had made great strides toward rehabilitation from addiction following his release from prison. He no longer uses narcotics, but continues to have a problem with alcohol. He has partially completed his work on addressing this. He has held a job for an extended period of time. His family and his employer think well of him. Counsel stated that Defendant knew that he had done wrong, but he urged the Court to sentence him to time served

(86 days) so that he could continue his efforts to be a contributing member of society. He argued that the purposes of supervised release had been satisfied and that there was no need to impose an additional term following any additional term of imprisonment.

Defendant's mother stated that since Defendant completed his prison sentence, he had gotten off of drugs and had learned his lesson. He has a family that loves him and supports him. He has a 99-year-old grandmother, and Defendant helps take care of her when needed. Mrs. Hunter said that Defendant was a good person, a good guy.

Defendant apologized to the Court for his conduct and said that he was trying hard to do better. He appreciated any consideration that could be given. He appeared to be sincere and respectful. He asked that he be assigned to a Bureau of Prison facility in the Dallas-Fort Worth area, as close to Wichita Falls as possible so that his friends and family could visit him.

Assistant U.S. Attorney Rumsey had no questions for Defendant. She argued that Defendant's alcohol problems harmed him and were a danger to others. She suggested that the government could understand a sentence at the lower end of the Sentencing Guidelines range, but that a sentence of time served was not appropriate. She agreed that there was no need for an additional term of supervised release following the prison term.

## II. FINDINGS OF THE COURT

    A.    Defendant pleaded true to the allegations that he violated conditions of his supervised release as contained in USPSO's Petition for Offender Under Supervision, as set forth in Section I.B(2) above, specifically: the Standard Condition that Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; the Special Condition that Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse, that Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment, and Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month; and the

> Special Condition that Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

B. Defendant was competent to make the decision to plead true to the allegations;

C. Defendant had both a factual and rational understanding of the proceedings against him;

D. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

E. Defendant was sane and mentally competent to participate in these proceedings and to assist his attorney in the preparation and conduct of his defense;

F. Defendant received a copy of USPSO's Petition for Offender Under Supervision, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

G. A preliminary revocation hearing was held, and Defendant was initially released on existing conditions of release, with an additional condition requiring his participation in an in-patient substance abuse treatment program. Defendant completed that program, but later was arrested for an alcohol-related offense. He appeared before the Court, and the undersigned entered an Order of Detention pending the final revocation hearing;

H. At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived those rights and pleaded true to the allegations listed in subsection I.B(2) above; and

I. The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D)[1];

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, *see* 18 U.S.C. § 3553(a)(4)(B);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

**B. STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a five-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a), p.s., suggests a revocation range of four to ten months imprisonment, based upon Defendant's criminal history category of II and the admitted Grade C violations. Defendant may also be placed back on supervised release following

---

[1] Pursuant to *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *Tapia v. United States*, 564 U.S. 319 (2011).

any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also United States v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release of at least five years up to life, less any term of imprisonment imposed upon revocation of his current supervised release.

IV.     **ANALYSIS AND RECOMMENDATION**

Defendant's current term of supervised release began on October 24, 2014. Although he has not had a history of use of illegal narcotics since his supervised release began, Defendant has had a history of alcohol use and abuse. He failed to report for random urine testing on August 29, 2016, submitted a urine specimen to USPSO the next day that tested positive for alcohol, and submitted a diluted urine specimen on September 26, 2016. He admitted drinking alcohol at a restaurant on October 23, 2016. On May 21, 2017, a Texas Department of Public Safety trooper pulled over a vehicle driven by Defendant's girlfriend in which Defendant was a passenger. Defendant was extremely intoxicated, and his girlfriend was cited for Driving While Intoxicated. Two days later, Mr. Hunter admitted to the probation officer that he had drunk about twelve beers at a friend's house before the DPS trooper pulled his girlfriend's vehicle over. As stated above in the procedural history of this case, Defendant was arrested for Driving While Intoxicated in 2015 (ECF No. 155) and 2017 (ECF No. 165). Defendant also failed to report being pulled over by a law enforcement officer in 2017 for having a faulty tail light.

Under these circumstances, an additional term of imprisonment is warranted. All but one of his violations of the conditions of supervised release previously set for him are due to Defendant's use and abuse of alcohol. He has completed an in-patient substance abuse treatment

program previously, but he has more work to do to overcome this problem. He has support from his employer and from his family. He has no history of drug use or abuse since completing his initial term of imprisonment. Under these circumstances, an additional term of imprisonment within the guidelines is appropriate. Additionally, given these facts, it does not seem that Defendant would benefit from an additional term of supervised release following the completion of that sentence.

## V. CONCLUSION

Upon consideration of the foregoing, the undersigned **RECOMMENDS**:

A. that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Standard Condition that Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; the Special Condition that Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse, that Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment, and Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month; and the Special Condition that Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

B. that his supervised release **be REVOKED**;

C. that he be **SENTENCED to the custody of the Attorney General for a period of six (6) months** with a recommendation that he be designated to a facility in the Dallas-Fort Worth area or as close to Wichita Falls, Texas, as possible to facilitate family and friend visitation; and

D. that **no supervised release be reimposed** following the completion of that sentence.

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 14, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE